UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAMES E. HUDSON and          )
FAY E. HUDSON,               )
     Plaintiffs,             )
                             )
          v.                 )    C.A. No. 11-12134-MLW
                             )
                             )
EMPIRE STATE CARPENTERS ANNUITY )
FUND,                        )
     Defendant.              )

MEMORANDUM AND ORDER

WOLF, D.J.                                    February 24, 2013

Pro se plaintiffs James E. Hudson and Faye E. Hudson bring

this action against defendant Empire State Carpenters Annuity Fund

(the "Fund") for violation of the disclosure requirements imposed

by the Employee Retirement Income Security Act, 29 U.S.C. §1001, et

seq. ("ERISA"). Specifically, plaintiffs allege that the Fund

refused to comply with their request for information regarding

their annuity balance in violation of 29 U.S.C. §1132(c). Defendant

has moved to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure 12(b)(6) (the "Motion to Dismiss") on the basis

that plaintiffs have failed to name the proper party, specifically,

the plan administrator. In response, plaintiffs request leave to

amend the Complaint to, if necessary, name the plan administrator

as a defendant.

Under Federal Rule of Civil Procedure 12(b)(6) a motion to

dismiss will be denied if a plaintiff has shown "a plausible

entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 559 (2007); see also Morales-Tanon v. P.R. Elec. Power Auth.,
524 F.3d 15, 18 (1st Cir. 2008). In considering a motion to dismiss
under Rule 12(b)(6), the court must "take all factual allegations
as true and . . . draw all reasonable inferences in favor of the
plaintiff." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96
(1st Cir. 2007). When a plaintiff is proceeding pro se, the
pleadings are to be "liberally construed." Erickson v. Pardus, 551
U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106
(1976)). Where a pro se plaintiff presents sufficient facts, "the
court may intuit the correct cause of action," even if the claim
was imperfectly pleaded. Ahmed v. Rosenblatt, 118 F.3d 886, 890
(1st Cir. 1997).

　　The Fund is an employee benefit plan in which plaintiffs
participate. ERISA controls the administration of such benefit
plans and imposes, among other things, reporting and disclosure
mandates. See New York State Conference of Blue Cross & Blue Shield
Plans v. Travelers Ins. Co., 514 U.S. 645, 651 (1995). Plaintiffs
bring this action pursuant to §1132(c), which "establishes a cause
of action for plan participants and beneficiaries, allowing for the
recovery of benefits due under the terms of the plan, the
enforcement of rights under the terms of the plan, or the
clarification of rights to future benefits under the plan." Otero
Carrasquillo v. Pharmacia, 382 F. Supp. 2d 300, 307 (D.P.R. 2005);
see 29 U.S.C. §1132(c)(B). Specifically, §1132(c)(1) provides, in

relevant part, that:

> Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day.

In support of the Motion to Dismiss, defendant asserts that it cannot be held liable under §1132(c)(1) because the Fund is an employee benefit plan and not the plan administrator. Section 1132(c) holds a plan "administrator . . . who fails or refuses to comply with a request for any information" liable to plan participants. 29 U.S.C. §1132(c)(1) (emphasis added). The term "administrator" in the context of ERISA, and as is pertinent to this case, is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. §1002(16).

Other parties, however, may be treated as an administrator for purposes of §1132(c) liability. "A number of courts have stated that a party may be treated as a plan administrator where it is shown to control the administration of a plan." Law v. Ernst & Young, 956 F.2d 364, 372 (1st Cir. 1992) (holding that the evidence supported a finding that employer was the plan administrator even though plan documents named retirement committee as administrator). For example, in Law, the First Circuit reasoned that the entity that controls the dissemination of required information and holds

3

itself out to plan participants as the administrator should be subject to §1132(c) liability for failure to comply with the statute's requirements. See id. at 372-73; see also Seacoast Mental Health Ctr. v. Sheakley Pension Admin. Inc., 2001 WL 274816, at *2 (D.N.H. Jan. 5, 2001).

In opposition to the Motion to Dismiss, plaintiffs submitted letters of correspondence between plaintiffs, the Fund and counsel for the Fund, dated between December 11, 2009 and October 25, 2011. See Compl.; Pls.' Resp., ECF No. 10. These documents are attached as exhibits to the Complaint, or are central to the plaintiffs' claim, and therefore may be considered by the court in evaluating a motion to dismiss under Rule 12(b)(6). See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).[1] The letters include the Fund's request for payment on plaintiffs' annuity account; Mr. Hudson's request for information in connection to the annuity account balance; and explanations by the Fund of the administration of the plan, including annuity account summaries. The responsive letters by the Fund neither reference the plan administrator, nor direct

---

[1] "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (internal quotation omitted). From this rule, the First Circuit makes "narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff['s] claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3-4.

4

plaintiffs to seek the requested information from the plan administrator. In addition, defendant has not provided any documentation identifying the plan administrator in support of its Motion to Dismiss.

The present record raises questions concerning who actually controls the administration of the plan. Therefore, the court cannot, at this juncture, determine that pro se plaintiffs have not stated a plausible claim against the Fund.

In view of the foregoing, it is hereby ORDERED that:

1. Empire State Carpenters Annuity Fund's Motion to Dismiss (Docket No. 8) is DENIED without prejudice.

2. The parties shall confer and, by March 22, 2013, inform the court whether they have reached an agreement to resolve this case.[2]

3. If not, defendant shall, by March 29, 2013, submit an affidavit and supporting documents regarding the identity of the entity it alleges is the administrator of the plan and its own alleged lack of control of the administration of the plan.

4. If necessary, plaintiffs shall, by April 19, 2013, file an Amended Complaint and serve it on the alleged administrator. The

---

[2] The evident conduct of the Fund in filing a motion to dismiss without identifying the purported administrator for the pro se plaintiffs, in their conference before the motion was filed or in the motion itself, would be unbecoming of a litigant in any case and is particularly inappropriate for an ERISA pension fund. Plaintiffs are seeking information to which they appear to be entitled. The court expects that the Fund will conduct any future litigation of this case with the understanding that the law is not a game.

5

Amended Complaint may, if appropriate, allege the identity of the administrator in the alternative, retaining Empire State Carpenters Annuity Fund as one of the alleged administrators.

5. The alleged administrator(s) shall, by May 13, 2013, respond to the Amended Complaint.

6. If the case is not resolved by agreement, a scheduling conference shall be held on June 5, 2013, at 4:00 p.m. It shall be attended by the parties or their representatives with full settlement authority. The parties shall comply with the attached Order concerning that conference.

UNITED STATES DISTRICT JUDGE

6